**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST PUBLISHING CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STEVE WILLIAMS and RIZEUP MEDIA, INC.<br><br>Defendants. | Case No.: 22-cv-02383 |

### TEMPORARY RESTRAINING ORDER BY CONSENT

THIS CAUSE coming to be heard for entry of a Temporary Restraining Order By Consent, the Court having considered the proposed Order, the Court hereby orders as follows by consent:

**IT IS ORDERED, ADJUDGED AND DECREED** that a temporary restraining order issue forthwith by the Clerk of this Court directed to Defendants Richard Steve Williams and RizeUp Media, Inc., that:

   a. Enjoins Defendant Williams from performing any services, directly or indirectly, for RizeUp or any other competitor of West Publishing, pending further order of the Court;

   b. Enjoins Williams from directly or indirectly soliciting, contacting, or calling upon any Customer of West Publishing for the purpose of (i) providing any product or service reasonably deemed competitive with any product or service offered by West Publishing, or (ii) inducing or attempting to induce any Customer of West Publishing to cease doing business or reduce the amount of such Customer's business with West Publishing (where "Customer" is defined in the Agreement as "any current, prospective or former customer of [West Publishing] with whom [Williams] had contact during the last 12 months of [William's] employment with [West Publishing]");

c. Enjoins RizeUp from directly or indirectly soliciting, contacting or calling upon any actual or potential customer of West Publishing about whom Williams misappropriated confidential and proprietary or trade secret information from West Publishing, including but not limited to the actual or potential customers (i) listed on the documents that Williams emailed from his West Publishing email account to his personal email account on November 24, 2021 and/or on January 10, 20, 21, and 24, 2022 (as described with greater particularity in the Complaint) or (ii) any customers outside of his assigned territories at West Publishing about which he accessed confidential information since on or after November 24, 2021. Provided, however, that this provision shall not bar RizeUp from soliciting customers: (x) whose names happen to appear on the following documents: (a) the document described in Paragraph 63 of the Complaint (*i.e.*, a spreadsheet entitled "Scorpion-Internet-Brands-Thyv-Dex-Q4-2021-Leads-Final.xlsx") or (b) the document described in Paragraph 58(d) of the Complaint (*i.e.*, a document entitled NCAJPROSPECTSHIGHLIGHTED.xlsx), or (y)) customers outside of Williams's former sales territories at West Publishing, so long as (with respect to any such customers who fall within "x" or "y"), RizeUp can establish that it acquired their names wholly independently of those documents and wholly independently of any information or documents provided by any former West Publishing employee, and provided that RizeUp hereby represents that Williams did not share or disclose those documents, or any information contained therein or any information about such customers, to anyone at RizeUp;

d. Enjoins Williams from directly or indirectly making any negative statement or otherwise disparaging West Publishing, its affiliates and their current and former officers, directors, employees, owners, customers, suppliers or business partners;

e. Enjoins Williams from using or disclosing "to any person, firm, corporation or other entity" (including, without limitation, RizeUp) any of West Publishing's trade secrets or "Confidential Information" (as defined in the Agreement);

f. Enjoins RizeUp from using or disclosing any of West Publishing's trade secrets or "Confidential Information" (as defined in the Agreement);

g. Enjoins Williams in all such other and further ways necessary to bring Williams into full and complete compliance and conformance with his contractual obligations contained in the Agreement; and

h. Enjoins RizeUp and Williams from deleting or altering any data, documents, communications or information that refer or relate in any way to the allegations in the Complaint, including but not limited to any relevant communications on any devices – whether personal devices or devices owned by RizeUp. This includes, but is not limited to, texts, emails, voice mails or any other form of communication or any other form of document, data or information; and it is further

2

ORDERED that this Order shall remain in effect until the Court shall hold a preliminary injunction hearing in this matter, which hearing shall not take place for at least 60 days from the entry of this Order so as to allow for the expedited discovery permitted herein; and it is further

ORDERED that the Court will hold a preliminary injunction hearing approximately 60 days after entry of this Order; and it is further

ORDERED that the timely filing of an application to continue or expand the restraints set forth in this Order before the automatic dissolution of this Order shall stay the dissolution of this Order until such time as the application is adjudicated by the Court; and it is further

ORDERED that the Parties consent to the entry of this Order is without prejudice to the rights of any Party, including the right to seek or oppose any application to the Court for injunctive relief filed in the future (including any application filed pursuant to the previous paragraphs of this Order); and it is further

ORDERED that email service of a copy of this Order shall be deemed good and sufficient service and notice thereof; and it is further

ORDERED that because Williams agreed in the Agreement that in the event of a breach by Williams of his obligations under the Agreement, Plaintiff will be "entitled to injunctive relief from the courts without the posting of a bond," *see* Agreement §16, no security must be posted by Plaintiff in connection with this Order or any preliminary injunction entered in this matter; and it is further

ORDERED that Plaintiff is granted leave to engage in expedited discovery (to be served electronically) and to serve document requests within seven (7) days of the date hereof to be answered within fourteen (14) days of service, and to serve notices of deposition and other

appropriate civil discovery immediately upon issuance of this Order. Defendants shall answer the complaint within 14 days of this Order. The parties shall appear before the Court for a status conference to report on the status of discovery in 30 days.

SO STIPULATED AND AGREED:

    Dated: March 29, 2022
    New York, New York

By: /s/ A. Millie Warner
A. MILLIE WARNER
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
(212) 351-4500
mwarner@ebglaw.com

Peter A. Steinmeyer (pro hac vice motion forthcoming)
Epstein Becker & Green, P.C.
227 West Monroe Street, Suite 3250
Chicago, Illinois 60606
(312) 499-1400
psteinmeyer@ebglaw.com

*Attorneys for Plaintiff*
*West Publishing Corporation*

By: /s/ Michael R. Yellin
MICHAEL R. YELLIN
Cole Schotz P.C.
25 Main Street
Hackensack, NJ 07601
(201) 489-3000
myellin@coleschotz.com

*Attorney for Defendants*
*Richard Steve Williams and RizeUp Media, Inc.*

Granted. A preliminary injunction hearing will be held on June 7, 2022, at 2:00 pm in Courtroom 1305 at the Thurgood Marshall U.S. Courthouse, 40 Centre Street, New York, New York 10007.

In the interim, a status conference will be held on May 2, 2022 at 2:00 p.m. This conference will be held telephonically. The parties should call into the Court's dedicated conference line at (888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key. Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers.

SO ORDERED.

                                                                       *Paul A. Engelmayer*
                                                     Hon. Paul A. Engelmayer, U.S.D.J.
                                                     March 30, 2022