# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEST PUBLISHING CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>RICHARD STEVE WILLIAMS and RIZEUP MEDIA, INC.,<br><br>Defendants. | Civil Action No. 1:22-cv-02383<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

PAUL A. ENGELMAYER, U.S.D.J.:

WHEREAS, all the parties (collectively, the "Parties" and individually, a "Party") to the above-captioned action (the "Action"), request that this Court issue a protective order (the "Protective Order") pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this Action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this Action;

IT IS HEREBY ORDERED that any person subject to this Protective Order – including, without limitation, the Parties to this Action and their representatives, agents, subsidiaries, successors, assigns, attorneys, experts, and consultants, (including those subsequently added as parties to this litigation); all non-parties providing discovery in this Action, who have agreed to be bound by this Order in accordance with Paragraph 16 below; and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon penalty of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this Action, including, without limitation, documents and deposition testimony), that a Party or person has designated as "Confidential" pursuant to this Order, no Party or other person subject to this Order may disclose such Confidential or Discovery Material to anyone else except as this Order expressly permits.

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" any portion(s) of such Material that it reasonably and in good faith believes contains: information of a personal or intimate nature regarding any individuals; non-public financial information; trade secrets; proprietary business information; competitively sensitive information; information regarding pending or future business plans, marketing plans, strategies, product development, or financial projections; contracts and communications with customers and clients; any other confidential, non-public business information that is either highly personal in nature and/or could be used competitively against a Party, or that would, in the good faith judgment of a Party, be detrimental to the conduct of a Party's business or the business of any of a Party's customers or clients; and/or any other category of information this Court subsequently affords confidential status.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion in a manner that will not interfere with legibility or audibility.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information

Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the written deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following receipt of the written deposition transcript, all Parties shall treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the trial of this Action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients, in writing, within a reasonable time following the discovery that such material had been produced without the appropriate designation. Thereafter, this Court and all persons subject to this Order shall treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each other Party with a replacement of such Discovery Material that bears the "Confidential" designation within three business days of providing such notice.

6. Nothing contained in this Order shall be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) limiting a Producing Party's ability to use its own documents or information for any purpose, regardless of any designation hereunder.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this Action, including any personnel of the Parties to this Action engaged in assisting in the preparation of this Action for trial or other proceeding, the Parties' insurers, and counsel to the Parties' insurers;

(b) counsel retained by the Parties specifically for this action, including any paralegals, clerical staff, or other assistants that counsel employs and assigns to this matter;

(c) any outside vendors or service providers (such as copy-service providers, document-management consultants, and translators) that counsel hires and assigns to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, including their staff, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any stenographers or videographers engaged to transcribe or record depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

10. Notwithstanding the designation of Discovery Material as "Confidential," there is no presumption that such materials will be filed under seal. Any Party wishing to file Confidential Discovery Material with this Court shall follow the procedures set forth in paragraphs 4.B.1 and 4.B.2 of Judge Engelmayer's Individual Rules of Practice in Civil Cases (the "Individual Rules") regarding requests for sealed or redacted filings.

11. Any Party who objects to any designation of confidentiality may, at any time before the trial of this Action, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(c) of the Court's Individual Rules.

12.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only") designations, in extraordinary circumstances), may, at any time before the trial of this action, serve upon counsel for the receiving Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(c) of the Court's Individual Rules.

13.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action, and any appeals thereto, and not for any business, commercial, or competitive purpose or in connection with any other litigation proceeding. Nothing contained in this Order, however, shall affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

14.     Nothing in this Order shall prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if otherwise required to produce by law or by any government agency having jurisdiction, provided that such Party first gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure is made. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

15.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material, including, without limitation, maintaining such material in a reasonably secure manner.

16.     Any non-party producing Confidential Discovery Material in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the Party that made the request for information. The requesting Party, in turn, shall file the endorsed copy with the Court and

serve it on counsel for the other parties. The Parties to this Action may designate information produced by non-parties as Confidential, consistent with the terms and provisions of this Order.

17. In the event that additional persons or entities become parties to this Action, such parties shall not have access to Confidential Discovery Material produced by or obtained from any Producing Party until the newly-joined parties or their counsel confirm in writing to all other Parties that they have read this Order and agree to be bound by its terms.

18. If a Producing Party gives notice to a receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B).

19. Within 60 days of the final disposition of this Action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction of such material by submitting a written certification to the Producing Party affirming that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing of any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, and/or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20. This Order shall not prevent any Party from applying to the Court for further or additional protective orders or for the modification of this Order, or from agreeing with the other Parties to modify this Order, subject to the Court's approval.

7

21.     This Order will survive the termination of this Action and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

22.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt arising from this Order.

*[SIGNATURE PAGE FOLLOWS]*

SO STIPULATED AND AGREED:

Dated: April 21, 2022
    New York, New York


By: /s/ *Elizabeth S. Torkelson*

A. Millie Warner
Elizabeth S. Torkelsen
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
(212) 341-4500

Peter A. Steinmeyer (*admitted pro hac vice*)
Epstein Becker & Green, P.C.
227 West Monroe Street, Suite 3250
Chicago, IL 60606
(312) 499-1400

*Attorneys for Plaintiff, West Publishing Corporation*

By: /s/ *Michael R. Yellin*

Michael R. Yellin
Courtney G. Hindin
Cole Schotz, P.C.
1325 Avenue of the Americas, 19th Floor
New York, NY 10019.
(212) 752-8000

*Attorneys for Defendants, RizeUp Media, Inc. and Richard Steve Williams*


**SO ORDERED.**
Dated: 4/21/22

_____
Hon. Paul A. Engelmayer
United States District Judge

9

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

WEST PUBLISHING CORPORATION,

Plaintiff,

-against-

RICHARD STEVE WILLIAMS and RIZEUP MEDIA, INC.,

Defendants.

---

Civil Action No. 1:22-cv-02383

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this Action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and as set forth in this Protective Order, and that at the conclusion of this litigation, I will return all Discovery Material to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____          _____
Date                                             Signature

10

# Cole Schotz P.C.

1325 Avenue of the Americas, 19th Floor
New York, NY 10019
212-752-8000   212-752-8393 fax

New Jersey

Delaware

Maryland

Texas

Florida

Courtney G. Hindin
Associate
Admitted in NY

Reply to New York Office
Writer's Direct Line: 646-532-5324
Writer's Direct Fax: 646-219-7465
Writer's E-Mail: cskarupski@coleschotz.com

April 21, 2022

**Via Electronic Case Filing**

Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
20 Foley Square, Room 2201
New York, New York 10007

> Re:   **West Publishing Corp. v. Richard Steve Williams and RizeUp Media, Inc.**
>           **Civil Action No. 22-cv-2383**

Dear Judge Engelmayer:

This Firm represents Defendants Richard Steve Williams and RizeUp Media, Inc. in connection with the above-referenced matter.

As this Court is aware, the parties to this action are currently in engaged in discovery. In connection therewith, the parties wish to take steps to protect the confidentiality of any non-public and/or competitively sensitive information they may produce. Accordingly, the parties have jointly submitted the enclosed Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"), which has been electronically filed herewith. If the Protective Order is acceptable to Your Honor, the parties request that it be so-ordered.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Courtney G. Hindin*

Courtney G. Hindin

CGS:
cc:   All Counsel of Record (via ECF)

Enclosure