```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WEST PUBLISHING CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>RICHARD STEVE WILLIAMS, RIZEUP MEDIA, INC., JOHN BRYANT, TRAVIS HOECHLIN, AND VAIDAS CIKOTAS<br><br>Defendants. | Case No.: 22-cv-02383 |

# STIPULATION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER

Plaintiff West Publishing Corporation ("West") and Defendants RizeUp Media, Inc. ("RizeUp"), Richard Steve Williams ("Williams"), John Bryant ("Bryant"), Travis Hoechlin ("Hoechlin"), and Vaidas Cikotas ("Cikotas"), through their respective undersigned counsel, stipulate and agree as follows:

1.  On March 23, 2022, West filed a Complaint against RizeUp and Williams. West pled the following causes of action: Breach of Contract (Count I – against Williams), Trade Secret Misappropriation in Violation of the federal Defend Trade Secrets Act, 18 USC §1836 (Count II – against Williams and RizeUp), Trade Secret Misappropriation in Violation of the Florida Uniform Trade Secrets Act (Count III – against Williams and RizeUp), Breach of Fiduciary Duty (Count IV - against Williams), Tortious Interference with Contract (Count V – against Williams and RizeUp), and Aiding and Abetting Breach of Fiduciary Duty (Count VI – against RizeUp). RizeUp and Williams filed an Answer on May 13, 2022, denying liability.

2. On May 23, 2022, West filed an Amended Complaint against RizeUp, Williams, Bryant, Hoechlin, and Cikotas. West pled the following causes of action: Breach of Contract (Count I – against Williams), Breach of Contract (Count II – against Cikotas), Breach of Contract (Count III – against Hoechlin), Breach of Contract (Count IV – against Bryant), Trade Secret Misappropriation in Violation of the federal Defend Trade Secrets Act, 18 USC §1836 (Count V – against all Defendants), Trade Secret Misappropriation in Violation of the Florida Uniform Trade Secrets Act (Count VI – against Williams and RizeUp), Trade Secret Misappropriation in Violation of the North Carolina Trade Secrets Protection Act (Count VII – against Cikotas and RizeUp), Unfair and Deceptive Business Practices and Trade Secret Misappropriation under the North Carolina Unfair Trade Practices Act (Count VIII – against Cikotas and RizeUp), Breach of Fiduciary Duty (Count IX - against Williams, Hoechlin, and Bryant), Tortious Interference with Contract (Count X – against all Defendants), Aiding and Abetting Breach of Fiduciary Duty (Count XI – against RizeUp, Hoechlin, and Bryant), and Aiding and Abetting Breach of Fiduciary Duty (Count XII – against all Defendants). Defendants filed an Answer on June 13, 2022, denying liability.

3. Without admitting liability, Defendants nevertheless wish to resolve this matter and they hereby consent to entry of judgment in the above-captioned case and entry of the following Consent Judgment and Permanent Injunction Order.

4. This Court has subject-matter and personal jurisdiction over Defendants.

5. The parties waive the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure.

6. The Consent Judgment and Permanent Injunction Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter. Defendants waive their right to appeal this judgment.

7. This Consent Judgment and Permanent Injunction Order applies to any successors or successors in interests, assigns, subsidiaries, or affiliates of West, its FindLaw business (including in any form that such business may exist in the future) ("FindLaw"), and/or RizeUp.

## CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER

**IT IS HEREBY ORDERED** as follows, effective from the date of entry of this Order:

8. RizeUp, Williams, Bryant, Hoechlin, and Cikotas are prohibited from directly or indirectly making any commission or similar payments to any current or former employees of West or FindLaw (including but not limited to any payments to members of their family and/or any legal entities they operate) for referrals or introductions to RizeUp (a) made while the referring individual is or was employed by West or FindLaw or (b) made in violation of any non-solicitation and/or non-competition obligation owed to West or FindLaw

9. RizeUp, Williams, Bryant, Hoechlin, and Cikotas shall not communicate with any current employees of West or FindLaw, or any member of their respective families or households, about possible referrals to RizeUp, and RizeUp, Williams, Bryant, Hoechlin, and Cikotas shall not enter into employment, independent contractor or consulting arrangements with any such persons, while they are employed by West or FindLaw.

10. Until December 31, 2026, RizeUp, Williams, Bryant, Hoechlin, and Cikotas shall not communicate with any of the following former West employees, or any member of their respective families or households, about possible referrals to RizeUp: Mark Day, Jonathan Chasin, Angela Low, Craig Smith, Patrick Colburn, Sheila Amiry, Benjamin Rifkin, nor shall RizeUp,

Williams, Bryant, Hoechlin, or Cikotas enter into independent contractor or consulting arrangements with any such persons.

11. RizeUp, Williams, Bryant, Hoechlin, and Cikotas are prohibited from inducing any current or former employee of West or FindLaw to violate his or her contractual, common law, or statutory duties to West or FindLaw. Until December 31, 2026, within seven calendar days after any current or former employee of West or FindLaw begins employment with RizeUp, RizeUp shall certify to West's designee, Peter A. Steinmeyer at Epstein Becker Green, that it has reviewed the individual's contractual obligations to West or FindLaw, and that the RizeUp employment will not violate them.

12.

    a. Until December 31, 2026, RizeUp, Williams, Bryant, Hoechlin, and Cikotas are prohibited from mentioning West or FindLaw directly by name in any Advertising Materials. "Advertising Materials" as used in the preceding sentence means: social media ads (including without limitation Facebook ads, Twitter or "X" ads, Instagram ads, and/or LinkedIn ads), television advertisements, billboard advertisements, radio or Podcast Advertisements, and printed or online newspaper/magazine advertisements that are created, run, aired, or posted for the first time (or re-run, re-aired, or re-posted) after the entry of this Order by the Court, by or at the direction of RizeUp, Williams, Bryant, Hoechlin, and/or Cikotas. "Podcast Advertisements" as used in the preceding sentence means: pre-recorded advertisement(s) that are purchased by RizeUp and/or Williams, Bryant, Hoechlin, and/or Cikotas to be broadcast during a podcast on RizeUp's behalf or on behalf of Williams, Bryant, Hoechlin, and/or Cikotas. Provided, however, that

        the prohibitions set forth in this Section 12(a) shall not bar Williams, Bryant, Hoechlin, and/or Cikotas from identifying their prior employment with West or FindLaw on LinkedIn.

    b.    Until December 31, 2026, to the extent that RizeUp, Williams, Bryant, Hoechlin, and/or Cikotas participate in a podcast, they may identify their prior employment with West or FindLaw as part of introductory remarks.  RizeUp, Williams, Bryant, Hoechlin, and/or Cikotas shall not, however, initiate any discussions concerning West or FindLaw during a podcast or otherwise opine on the products of West or FindLaw by name during a podcast.

13.    Until December 31, 2026, RizeUp, Williams, Bryant, Hoechlin, and Cikotas are prohibited from directly or indirectly making any defamatory statements about West or FindLaw and/or its or their affiliates and their current and former officers, directors, employees, owners, customers, suppliers or business partners.  Thereafter, although defamatory statements are not permitted, any such statements will not be a breach of this Consent Judgment and Permanent Injunction Order.

14.    RizeUp, Williams, Bryant, Hoechlin, and Cikotas are prohibited from using or disclosing to any person, firm, corporation or other entity any trade secrets (within the meaning of the federal Defend Trade Secrets Act, 18 USC § 1836 *et seq.*) or confidential information belonging to West or FindLaw.

15.    This Consent Judgment and Permanent Injunction Order replaces the existing Preliminary Injunction by Consent [ECF 36] entered on May 25, 2022.  For the avoidance of any doubt, except as otherwise set forth herein, all prior temporary and preliminary injunctive orders entered in this case are no longer in effect.

16. RizeUp, Williams, Bryant, Hoechlin, and Cikotas shall pay to West the total amount of $1,625,000.00. RizeUp, Williams, Bryant, Hoechlin, and Cikotas are jointly and severally liable for this sum. It shall be paid in thirty (30) equal monthly installments of $54,166.66, beginning no later than July 31, 2024 and concluding no later than December 31, 2026. Provided that such monthly installments are paid on time, no post-judgment interest shall accrue on this sum. However, if West is compelled to incur attorney's fees or costs (or other collection costs) to collect this sum, RizeUp, Williams, Bryant, Hoechlin, and Cikotas shall be jointly and severally liable for any such attorney's fees and costs (or other collection costs), and post-judgment interest at the statutory rate will also accrue for the period of time any payment is in arrears. Some or all of the amounts set forth in this Paragraph may be prepaid in advance without penalty. If the entire sum of $1,625,000.00 is paid prior to December 31, 2025, then the limitations set forth above in Paragraphs 10, 12, and 13, and the certification requirement set forth in Paragraph 11, will expire on December 31, 2025, rather than December 31, 2026. Within five (5) business days after the entry of this Consent Judgment and Permanent Injunction Order, West shall provide wire payment instructions to Defendants' Counsel.

17. If Defendants are determined by a Court to have materially breached any of the provisions of this Consent Judgment and Permanent Injunction Order, the entire unpaid balance of the amount set forth in Paragraph 16 shall become immediately due.

18. This Consent Judgment and Permanent Injunction Order resolves all claims that were asserted and/or that could have been asserted in this litigation. Any claims not expressly resolved by this final judgment are dismissed with prejudice.

**IT IS FURTHER ORDERED** that each party shall otherwise bear their own attorney's fees and costs incurred in connection with this matter.

FIRM:64825613v2

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment and Permanent Injunction Order.

**IT IS FURTHER ORDERED** that this Consent Judgment and Permanent Injunction Order will be entered under Federal Rule of Civil Procedure 65 and will constitute the final judgment in this matter.

The Clerk is directed to enter this Consent Judgment and Permanent Injunction Order forthwith.

Dated: July 1, 2024

APPROVED AS TO FORM AND CONTENT:

WEST PUBLISHING CORPORATION

By: /s/ Peter A. Steinmeyer
    One of Their Attorneys

A. Millie Warner
mwarner@ebglaw.com
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
Tel: 212.351.4500

Peter A. Steinmeyer (*pro hac vice*)
psteinmeyer@ebglaw.com
Epstein Becker & Green, P.C.
227 W. Monroe Street, Suite 4500
Chicago, IL 60606
Tel: 312.499.1400

RICHARD STEVE WILLIAMS, RIZEUP MEDIA, INC., JOHN BRYANT, TRAVIS HOECHLIN, and VAIDAS CIKOTAS

By: /s/ Michael R. Yellin
    One of Their Attorneys

Michael R. Yellin
myellin@coleshotz.com
Cole Shotz P.C.
1325 Avenue of the Americas, 19th Fl.
New York, NY 10019
Tel: 201.525.6258

Dated: 7/2/2024
**IT IS SO ORDERED:**

The Clerk of Court is respectfully directed to CLOSE this case.

_____
Hon. Margaret M. Garnett